UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| IN RE:    JOSEPH P. MEREDITH,<br><br>            Debtor. | Case No. 10-32366-KRH<br>Chapter 13 |
| JOSEPH P. MEREDITH,<br><br>            Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., etc.,<br><br>            Defendant. | AP No. 14-03123-KRH |

## MEMORANDUM OPINION

Before the Court in this Adversary Proceeding is the Motion of Defendant Wells Fargo Bank, N.A. ("Wells Fargo") to Dismiss (the "Motion to Dismiss") pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The issue presented by the Motion to Dismiss is whether the Complaint (the "Complaint") filed by Plaintiff, Joseph P. Meredith ("Meredith"), states sufficient facts to present a plausible cause of action on its face to survive a challenge under Bankruptcy Rule 7012(b). A hearing on the Motion to Dismiss was held on October 14, 2014 (the "Hearing"). At the conclusion of the Hearing the Court ruled that it would dismiss the Complaint. The Court subsequently entered an order on October 31, 2014, commemorating the ruling it made at the Hearing. On November 10, 2014, Meredith timely noted an appeal to the Court's decision. This memorandum opinion supplements the findings of

fact and conclusions of law orally announced by the Court on the record at the conclusion of the Hearing in accordance with Bankruptcy Rule 7052.

### Factual and Procedural Background

On June 30, 2003, Meredith executed a Promissory Note in the original principal amount of $95,200 (the "Promissory Note") made payable to Aegis Funding Corporation ("Aegis"). The Promissory Note was secured by a Deed of Trust of even date given by Meredith for the benefit of Aegis[1] encumbering Meredith's home at 3809 Ruslander Court in Henrico County, Virginia (the "Real Property"). As part of a securitization transaction involving Meredith's Promissory Note, Aegis assigned its beneficial interest in the Deed of Trust to Wells Fargo Bank, N.A., successor by merger to Wells Fargo Bank Minnesota, N.A., as Trustee for Aegis Asset Backed Securities Trust Mortgage Pass-Through Certificates, Series 2003-2. Chase Mortgage was the servicer-in-fact for the Promissory Note secured by the Real Property.

On April 1, 2010 (the "Petition Date"), Meredith filed a voluntary petition under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code"). Throughout his Chapter 13 bankruptcy case (the "Bankruptcy Case"), Meredith was represented by experienced bankruptcy counsel. Meredith filed his Chapter 13 plan on April 2, 2010 (the "Original Plan"). Wells Fargo filed an objection to confirmation of the Original Plan on May 10, 2010, which objection it subsequently supplemented on July 28, 2010 (the "Wells Fargo Objection"). The Court sustained the Wells Fargo Objection and denied confirmation of the Original Plan on August 25, 2010. Meredith timely filed an amended plan on September 14, 2010 (the "Amended Plan"). Meanwhile, Wells Fargo filed a motion for relief from the automatic stay under 11 U.S.C. § 362

---

[1] The beneficiary named in the Deed of Trust is Mortgage Electronic Registration Systems, Inc. ("MERS") solely as nominee for Aegis and its successors and assigns.

(the "Wells Fargo Motion for Relief from Stay") on September 13, 2010.[2] Meredith did not file a response or any other type of opposition to the Wells Fargo Motion for Relief from Stay. The Court confirmed Meredith's Amended Plan by order entered on October 25, 2010. The Court thereafter conducted a hearing on the Wells Fargo Motion for Relief from Stay on November 10, 2010. The Court granted the motion by order entered November 16, 2010 (the "2010 Order Granting Relief from Stay").[3]

For the next four years Meredith made all of his payments under the confirmed Amended Plan to the Chapter 13 Trustee. Wells Fargo, meanwhile, waited until the spring of 2014, to conduct a foreclosure sale on Meredith's Real Property (the "Foreclosure Sale").[4] Wells Fargo was the successful purchaser at the Foreclosure Sale of the Real Property. Meredith successfully completed his performance under the confirmed Amended Plan in his Bankruptcy Case; and he received a discharge on June 23, 2014. The Bankruptcy Case closed on August 14, 2014.

On the same day that the Bankruptcy Case was closed, Meredith, *pro se,* filed his Complaint against Wells Fargo, initiating this Adversary Proceeding. On September 17, 2014, Wells Fargo filed its Motion to Dismiss pursuant to Bankruptcy Rules 7012(b)(1) and

---

[2] When Meredith filed his bankruptcy petition, a stay applicable to all property of the bankruptcy estate was automatically imposed upon all of Meredith's creditors. 11 U.S.C. § 362 (2010); *see also In re Garnett*, 303 B.R. 274, 277 (E.D.N.Y. 2003) ("[Section] 362 of the Bankruptcy Code provides for an automatic stay of all actions against the debtor and all lien enforcement efforts against the property of the estate."). The automatic stay protected Meredith against Wells Fargo and protected his home from foreclosure.

[3] Once the Court entered its 2010 Order Granting Relief from Stay, the protection afforded Meredith's Real Property under § 362 of the Bankruptcy Code disappeared. To obtain relief, Wells Fargo had to demonstrate that it lacked adequate protection. *See* 11 U.S.C. §§ 361, 362. Wells Fargo was owed arrears in excess of $17,231.29 at the time it filed its Motion for Relief from Stay. Meredith had no equity in the Real Property.

[4] After the Court granted Wells Fargo relief, it had the authority to proceed to exercise whatever rights and remedies it may have had under state law to conduct the Foreclose Sale of Meredith's Real Property.

3

7012(b)(6).[5] Meredith filed a Response to the Defendant's Motion to Dismiss on October 3, 2014.

## Jurisdiction and Venue

The Court has subject matter jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and the general order of reference from the United States District Court for the Eastern District of Virginia dated August 15, 1984. To the extent that certain claims asserted by Meredith may be non-core proceedings as described in 28 U.S.C. § 157(b)(2), such proceedings are "related to" the bankruptcy case and the Court may issue proposed findings of fact and conclusions of law pursuant to 28 U.S.C. § 157(c)(1). As Wells Fargo has requested that the Court grant it the relief presented by its Motion to Dismiss, Wells Fargo is deemed to have consented to entry of a dispositive order in that regard. *See* 28 U.S.C. § 157(c)(2). Venue is appropriate pursuant to 28 U.S.C. § 1409(a).

## Parties' Allegations

Meredith's Complaint seeks relief from the Court's 2010 Order Granting Relief from Stay on the grounds that Wells Fargo lacked "legal standing" to move for the relief it was granted. Meredith argues that the subsequently conducted Foreclosure Sale was therefore invalid. Meredith requests the Court to vacate its 2010 Order Granting Relief from Stay and reinstate Meredith as owner of the Real Property.

Wells Fargo sets forth numerous arguments in Response. Wells Fargo contends that (i) the Court lacks jurisdiction over this matter because Meredith's Bankruptcy Case is closed; (ii) the Complaint is untimely under Bankruptcy Rule 8002(c); (iii) *res judicata* bars the Complaint;

---

[5] Bankruptcy Rules 7012(b)(1) and 7012(b)(6) incorporate and make applicable to bankruptcy cases Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (the "Civil Procedure Rules"). *Compare* Fed. R. Bankr. P. 7012(b)(1) and 7012(b)(6), *with* Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

(iv) Meredith has no standing to challenge any assignment of the Deed of Trust; (v) the assignment of the Deed of Trust is valid; (vi) Meredith's claims are substantially improper in a non-judicial foreclosure jurisdiction; and (vii) declaratory relief is improper inasmuch as the Foreclosure Sale has already occurred.

The Court need not address these arguments, as it concludes that Wells Fargo's Motion to Dismiss should be granted because the subject matter of this litigation will have no meaningful impact upon the bankruptcy estate and the issues at bar are best left for adjudication in the Virginia state courts.

## Standard of Review

A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a complaint to survive a Bankruptcy Rule 7012(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must accept all well-pleaded factual allegations as truthful. *Id.* at 555. The facts presented need to demonstrate that the plaintiff's claims are not simply conceivable or possible, but *plausible*. *Id.* (emphasis added). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* at 545; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting the standard for the complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). The court need not accept as true allegations that are conclusory in nature or lack factual support, unwarranted deductions of fact, arguments asserted in the complaint, or unreasonable inferences. *See E. Shore Mkts., Inc. v. J.D. Assocs. Ltd.*

5

*P'ship*, 213 F.3d 175, 180 (4th Cir. 2000); *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

## **Analysis**

Wells Fargo asserts that the Court lacks jurisdiction over this Adversary Proceeding because Meredith has received a discharge and his Chapter 13 Bankruptcy Case is closed. The dismissal of Meredith's Bankruptcy Case does not automatically strip the Court of jurisdiction over an adversary proceeding related to the Bankruptcy Case. *In re Porges*, 44 F.3d 159, 162 (2nd Cir. 1995)

Section 350 of the Bankruptcy Code permits a court to reopen a case that was closed in order "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b); *Hawkins v. Landmark Fin. Co.*, 727 F.2d 324, 326 (4th Cir. 1984) (concluding that the right to re-open a closed case is subject to the court's discretion). Meredith contends that re-opening the case at bar would not unduly prejudice Wells Fargo. In *In re Young*, the court re-opened a bankruptcy case even though the debtor had filed her motion to re-open nine months after the case had closed and even though the defendant had already expended considerable funds to sell the property. 70 B.R. 968, 972 (Bankr. E.D. Pa.). The court held that a case can be re-opened without prejudice unless "fraud or intentional design on the part of the moving party or those in privity to him or her is established." *Id.*; *see also Hawkins*, 727 F.2d at 327 (finding prejudice where the defendant would incur further court costs and counsel fees). Meredith filed his Complaint on the very day his Bankruptcy Case was closed. The Court finds no indication of fraud or bad faith. Clearly, the Court could exercise its discretionary authority and re-open Meredith's case in order to address the arguments set forth in Meredith's Complaint.

If it were to exercise its discretion and re-open Meredith's Bankruptcy Case, the Court still must determine whether it should hear this Adversary Proceeding. "Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11 . . . and may enter appropriate orders and judgments, subject to review under section 158 of [title 28]." 28 U.S.C. § 157(b)(1). There are proceedings that *arise in* a bankruptcy case and there are those that are *related to* the bankruptcy case. A proceeding that is not based specifically on title 11, but would be pointless in the absence of the bankruptcy case, *arises in* a bankruptcy case. *In re Bradley*, No. 07-31896-KRH, 2007 WL 3469721, at *1 (Bankr. E.D. Va. Nov. 14, 2007); *Wellington Apartment, LLC v. Clotworthy (In re Wellington Apartment, LLC)*, 353 B.R. 465, 469 (Bankr. E.D. Va. 2006); *see also In re Garnett*, 303 B.R. 274, 276 (E.D.N.Y. 2013) ("Bankruptcy courts have the power to enter 'appropriate orders and judgments' in . . . all 'core proceedings . . . arising in a case under title 11.'").

A proceeding that could affect the rights or liabilities of a debtor or could affect the administration of the bankruptcy estate *relates to* a bankruptcy case. *In re Bradley*, 2007 WL 3469721, at *1; *see also Valley Historic Ltd. P'ship v. Bank of New York*, 486 F.3d 831, 836–37 (4th Cir. 2007) (citing *Binder v. Price Waterhouse & Co. (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 166–67 (3d Cir. 2004)) (stating that for "related to" jurisdiction to exist post-confirmation, the claim must affect an integral aspect of the bankruptcy process—"[m]atters that affect the interpretation, implementation, consummation, execution, or administration of the confirmed plan"); *In re Harlan*, 402 B.R. 703, 709 (Bankr. W.D. Va. 2009) (quoting *Valley Historic*, 486 F.3d at 835) (internal quotation marks omitted) ("A claim or proceeding arises in a bankruptcy case only when it would have no practical existence *but for* the bankruptcy. . . . A proceeding is related to a bankruptcy case if such proceeding may in any way effect the administration of the

7

bankruptcy estate."); *In re Stardust Inn, Inc.*, 70 B.R. 888, 890 (Bankr. E.D. Pa. 1987) (noting that related proceedings can only be heard by a bankruptcy court because of their nexus to the debtor's bankruptcy case). A proceeding that is related to a bankruptcy case is not a core proceeding. A bankruptcy court may hear such non-core proceedings and (in the absence of the consent of all parties to the proceeding) issue proposed findings of fact and conclusions of law for de novo review by the district court in accordance with 28 U.S.C. § 157(c)(1).

Meredith argues that the outcome of the Adversary Proceeding in the case at bar would affect his rights in connection with his bankruptcy case. Resolution of the Adversary Proceeding would impact not only whether Wells Fargo lacked "legal standing" to move for the relief it received from the automatic stay, but also whether Wells Fargo had the right to conduct the Foreclosure Sale on Meredith's Real Property. Accordingly, the Adversary Proceeding would be "related to" Meredith's Bankruptcy Case.

The decision whether to exercise "related to" jurisdiction after a case is closed is left to the sound discretion of the Court. *In re Porges*, 44 F.3d 159, 162 (2nd Cir. 1995). There are four factors courts consider when making this determination: (i) judicial economy, (ii) convenience to the parties, (iii) fairness, and (iv) comity. *In re Bradley*, 2007 WL 3469721, at *2 (citing *King's Grant Golf Acquisition, LLC v. Abercrombie (In re T 2 Green, LLC)*, 364 B.R. 592, 603 (Bankr. D.S.C. 2007)). Consideration of these factors stems from the discretionary authority federal courts have to hear pendent state law claims along with federal claims. *See, e.g.*, *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–27 (1966) (explaining that "if these [factors] are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them"). The same discretionary authority exists for bankruptcy courts to consider adversary proceedings outside of underlying bankruptcy cases.

"If jurisdiction over a pending adversary proceeding is functionally equivalent to the exercise of supplemental jurisdiction, then the discretionary aspect of supplemental jurisdiction should follow." *In re Bradley*, 2007 WL 3469721, at *2.

In *In re Porges*, the United States Court of Appeals for the Second Circuit held that a bankruptcy court continued to have jurisdiction over the adversary proceeding following dismissal of the underlying bankruptcy case. 44 F.3d at 163. In considering the four factors, the Second Circuit decided that the bankruptcy court could enter a monetary judgment in the adversary proceeding after dismissal of the underlying bankruptcy case. *Id.* The bankruptcy court had already conducted a trial on all contested issues within the adversary proceeding and had issued a decision. Only the findings of fact, conclusions of law, and entry of judgment remained to be entered. *Id.* "To have declined jurisdiction at that stage would have served no useful purpose, and would have wasted the resources already invested by the parties and the court." *Id.*

In *In re T 2 Green, LLC*, the United States Bankruptcy Court for the District of South Carolina emphasized the importance of judicial economy, the amount of resources the court had expended familiarizing itself with the case, as well as those resources expended by the parties. 364 B.R. at 603. Not only was the court "intimately familiar" with the facts of the proceeding, but the court found that it would have been "unfair to the parties and a waste of resources to have [the] matter start fresh in another court. . . ." *Id.* The court noted that the parties had consented to the continuing jurisdiction of the bankruptcy court throughout the entire adversary proceeding. The court found that the state law issues "involved in [the] case were not unique matters of state law but involve the interpretation of restrictive covenants, an issue for which there [was] ample guidance from South Carolina case law." *Id.* at 604.

9

In applying the four factors to the case at bar, the Court concludes that it should not exercise its discretion to retain jurisdiction over the Adversary Proceeding. The Court concludes that this case would be more appropriately brought in state court. First, the commencement of the Adversary Proceeding is untimely. Meredith's arguments could have been advanced during the pendency of his Bankruptcy Case. Meredith failed to object to Wells Fargo's Motion for Relief from Stay when it was originally filed back in September of 2010. Meredith filed no objection to the entry of the 2010 Order Granting Relief from Stay. Fed. R. Bankr. P. 8002(a). Granting Meredith the relief he now requests in the Adversary proceeding would have no impact on the administration of the bankruptcy estate in a re-opened Bankruptcy Case. It would not improve the recovery creditors could realize on their allowed claims. It would not affect the bankruptcy discharge Meredith has already received

The ultimate relief sought by Meredith in this Adversary Proceeding—invalidation of the Foreclosure Sale and reinstatement of Meredith as owner of the Real Property—concerns the right of Wells Fargo to proceed under the Deed of Trust to conduct the Foreclosure Sale. In order to set aside the Foreclosure Sale, Meredith would have to prove, as he has alleged in the Adversary Proceeding, that the assignment of the Deed of Trust to Wells Fargo was invalid under Virginia law. Meredith would have to prove that Wells Fargo was not the holder of the Promissory Note. *See Horvath v. Bank of New York, N.A.*, 641 F.3d 617, 623 (4th Cir. 2011) ("For over a century, it has been settled that under Virginia law, interests in deeds of trust accompany the promissory notes that they secure.").

As the outcome of these issues will have no impact upon the underlying Bankruptcy Case, judicial economy does not favor the exercise of jurisdiction over this Adversary Proceeding. *Valley Historic*, 486 F.3d 836-37. The Adversary Proceeding is still in its early

stages. No party will be inconvenienced or prejudiced if this Court declines to exercise jurisdiction over this matter. Both fairness and comity favor the Court's refusal to preside over this Adversary Proceeding. Meredith has failed to present a valid reason why he waited four years to challenge Wells Fargo's Motion for Relief. He has also failed to present a valid reason under Rule 9024 of the Federal Rules of Bankruptcy Procedure why he should be permitted to set aside the Court's 2010 Order Granting Relief from Stay.[6] Resolution of the issues presented by the Adversary Proceeding are the province of state law. Accordingly, the Court declines to exercise jurisdiction over this Adversary Proceeding.

A separate order was entered on October 31, 2014.

ENTERED: Nov 26 2014

      /s/ Kevin R. Huennekens
UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: Nov 26 2014

---

[6] Rule 9024 of the Federal Rules of Bankruptcy Procedure incorporates by reference Federal Rule of Civil Procedure 60(b). The rule permits a court to grant relief from a final judgment, order, or proceeding for a number of reasons. Fed. Rule Civ. P. 60(b). To succeed on such grounds, the court must find one of the following:

> (1) [M]istake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. Rule Civ. P. 60(b). Further, Rule 60(c) requires that the timing of such a motion occur within a reasonable time, and if pursuant to Rule 60(1), (2), or (3), the motion must be made no later than one year after the entry of the final judgment order. Fed. Rule Civ. P. 60(c)(1).

11